IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kemontea Washington,                ) | |
| ) | |
| Plaintiff,              ) | |
| )          | Civil Action No. 2:25-cv-4879-BHH |
| v.                                                )          | |
| )          | **ORDER** |
| South Carolina,                                  ) | |
| ) | |
| Defendant.         ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Kemontea Washington's ("Plaintiff") *pro se* complaint. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 8, 2025, the Magistrate Judge issued an order directing Plaintiff to bring his complaint into proper form and informing Plaintiff that the failure to provide the necessary information may subject this case to dismissal. (ECF No. 3.) Plaintiff failed to bring his case into proper form and failed to contact the Court in any way. As a result, on October 16, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court dismiss this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 6.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

Also, on November 3, 2025, the Magistrate Judge's Report was returned to the Court marked "return to sender, unclaimed, unable to forward." (ECF No. 8.) Plaintiff has

not contacted the Court with an updated address but was specifically warned that he must keep the Clerk advised in writing if his address changes for any reason.  (ECF No. 3 at 3.)

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, no objections to the Report have been filed, and Plaintiff has not filed the required materials to bring his case into proper form.  Plaintiff also appears to have failed to keep the Court advised of his current address as required.  After review, the Court agrees with the Magistrate Judge's analysis.  **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 6), and the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 5, 2025
Charleston, South Carolina